CRAWLEY, Judge,
concurring specially.
I agree that the trial court’s judgment, holding that the plaintiffs have been paid all they are due, should be affirmed. However, I believe the court is required to write an opinion in this case. To affirm the judgment of a trial court without an opinion, this court must first determine “[t]hat an opinion in the ease would serve no significant precedential purpose.” Rule 53(a)(1), Ala.R.App.P. According to the court comment to Rule 53, this “no opinion” rule is intended to allow for an affirmance without an opinion in a situation where the affirmance
“does not call for the court to establish a new principle of law; to construe a provision of a constitution, statute, ordinance, or court rule; to alter or modify an existing principle of law or to extend it to a new factual context; to reaffirm a principle not applied in a recently reported opinion; to decide an issue of general or continuing public interest; or to resolve a conflict or apparent conflict of authority.”
(Emphasis added.) The majority, in this “no opinion” affirmance, construes a statute for the first time. Clearly, an opinion would serve a significant precedential purpose. The purpose of Rule 53 is to allow the appellate court to make no-opinion dispositions of cases involving long-settled legal principles and not to enable the appellate court to avoid stating its opinion on a new issue.